**MERIDIAN ENGINEERING, Plaintiff**

**v.**

**WEST INDIES INVESTMENT, Defendant**

Civil No. 74-725

District Court of the Virgin Islands

Div. of St. Croix

July 29, 1975

Nichols and Silverlight, Esqs. (John B. Nichols, of counsel), Christiansted, St. Croix, V.I., *for plaintiff*

Grunert, Stout, Hymes & Mayer, Esqs. (Richard E. Grunert, of counsel), St. Thomas, V.I., *for defendant*

YOUNG, *District Judge*

## MEMORANDUM OPINION AND ORDER

This action was transferred from the Municipal Court by an unsigned order dated September 4, 1974, intended for Judge Antoine Joseph's signature. The reason stated for the transfer was the Municipal Court's lack of jurisdiction. Although not articulated, it appears that the jurisdictional question concerns the trial court's upper limit of $10,000.00. I am re-transferring this action back to the Municipal Court because I find that the matter in controversy does not exceed the Municipal Court's $10,000.00 jurisdictional limit.

The Complaint is an action in debt for the unpaid balance due on an oral construction contract. The amount sued for is $7,667.00. The answer denies that defendant owes any additional sum of $7,667.00. There is no counterclaim. Defendant requests only a dismissal of the complaint. Plaintiff then filed its motion for summary judgment supported by an affidavit as to the balance due on the construction account. In defendant's countervailing affidavit, it is averred that the verbal construction agreement sued upon was based upon a written estimate of $21,255.00 for the entire project, that there had already been paid by defendant to plaintiff the sum of $23,236.50 and that defendant has no further obligation to pay an additional $7,677.00. On the basis of these affidavits, Judge Joseph opined that the matter involved was beyond the upper monetary limits of his court's jurisdiction, citing Homer v. Lorillard, et al., Civil No. 88-1969, and the

attorneys for both sides, having been faced before with the Lorillard ruling, agreed, or at least acquiesced, with Judge Joseph and the matter was transferred to this Court without objection. The objection now raised is this Court's own disagreement raised sua sponte with the action below.

I respectfully decline to follow the Lorillard ruling.[1] The Municipal Court has original jurisdiction concurrently with the District Court of all civil matters wherein "the matter in controversy" exceeds $500.00 but not $10,000.00, exclusive of interest and costs. 4 V.I.C. § 74(1). In Lorillard, the mere fact that the contract involved in the litigation had a purchase price of $34,-000.00 was considered enough to render the cause "in excess of the trial court's jurisdiction of $10,000.00" even though the plaintiff (the purchaser) was suing for only a return of her $2,000.00 deposit and an additional $900.00 alleged damages and the defendants (the sellers and brokers) counterclaimed only for the $2,000.00 deposit as a forfeiture and additional alleged damages of $1,000.00. Hence, the actual "matter in controversy" did not exceed $3,000.00 on either side. The jurisdictional test, in my opinion, is not what is involved (whether it be a $34,-000.00, $50,000.00 or $100,000.00 contract) but rather what amount is actually *in controversy* and whether, in rendering judgment, the Municipal Court might find itself in a position of having to award to either party a judgment in excess of $10,000.00.

In the case sub judice, the building contract involved a $23,000.00+ project, but plaintiff is suing only for an additional amount of $7,667.00 allegedly due on the contract. The defendant denies that there is any further sums due and merely requests that the complaint be

---

[1] By way of footnote significance, this departure from Homer v. Lorillard comports with the current efforts of bench, bar and legislature to expand, not to contract, the jurisdictional limits of the Municipal Court.

dismissed. The actual matter in controversy is less than $10,000.00 and is well within the jurisdiction of the Municipal Court.

## ORDER

For the reasons expressed in the foregoing Memorandum Opinion, this matter is hereby transferred back to the Municipal Court as being a cause of action within its jurisdictional limits.