**LUDERIC SMITH, Plaintiff**

**v.**

**SIDNEY K. HALPERN, ANITA L. HALPERN AND ROGER MORAN, d/b/a MORAN REALTORS, Defendants**

Civil No. 865-1974

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

August 18, 1975

HOFFMAN, *Judge*

MEMORANDUM OPINION AND ORDER

The Court has raised, sua sponte, the preliminary issue of whether this case is beyond the jurisdictional limit of this Court as set out in 4 V.I.C. § 74(1). The question then

is whether "the matter in controversy" in this case exceeds $10,000, exclusive of interests and costs.

Plaintiff's action is for breach of contract, based on an installment contract in the amount of $10,500 for real property entered into by the parties on January 6, 1973. As grounds for the alleged breach plaintiff asserts that the real property purchased was 885 square feet short of the square footage indicated in the Public Works Drawing appended to the contract. Plaintiff seeks relief in the sum of $3,500, which sum represents monies already paid under the installment contract. Defendants have filed a counterclaim based on plaintiff's failure to make any payments since June of 1974 on the installment contract. As for relief, the defendants seek, in the alternative, either retention of the sums paid as liquidated damages for the plaintiff's alleged breach or that the total outstanding principal and interest under the contract be deemed due and payable.

Plaintiff relies wholly on the recent case decided by Judge Young of Meridian Engineering v. West Indies Investment, 12 V.I. 114 (D.C.V.I. 1975). While I applaud "the current efforts of bench, bar and legislature to expand, not to contract, the jurisdictional limits of the Municipal Court" to which Judge Young refers (Id. at 116, fn. 1), I am forced to conclude that the situation in the case at hand is quite different from that outlined in Meridian Engineering. In the case at hand, there is no doubt in my mind that "the matter in controversy" is $10,500. Any judgment I could render in this case would necessarily involve a decision whether or not the entire contract ab initio was breached by the defendants' failure to convey a parcel of land containing the exact square footage indicated in the Public Works Drawing. In Meridian Engineering there was no such all-inclusive issue to be considered. In that case the plaintiff's only claim was that defendant owed an additional $7,677.00 under a $23,000.00 + contract and de-

fendant merely denied any such further obligation. In no wise was the validity of the total contract ever challenged.

For the reasons stated above the Court finds that it has no jurisdiction under 4 V.I.C. § 74(1) to hear this case.

ORDER

In accordance with the foregoing Memorandum Opinion, this cause is hereby dismissed.