FERNANDO CRISPIN, Plaintiff

v.

GOVERNMENT OF THE VIRGIN ISLANDS, DEPART-
MENT OF PUBLIC SAFETY, and POLICE BENEVOLENT
ASSOCIATION, SERVICE EMPLOYEES INTERNATIONAL
UNION AFL–CIO, LOCAL 816, Defendants

Civil No. 953/1984

Territorial Court of the Virgin Islands

Div. of St. Croix

March 31, 1987

15

LOLITA D'JONES, ESQ., St. Croix, V.I., *for plaintiff*

ALAN D. SMITH, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for defendant Government*

EDWARD H. JACOBS, ESQ., St Croix, V.I., *for defendant Police Benevolent Association*

FINCH, *Judge*

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on motions by co-defendant, Government of the Virgin Islands, to dismiss or in the alternative for summary judgment, and by co-defendant, Police Benevolent Association, for judgment on the pleadings or in the alternative for summary judgment. Also before the Court is plaintiff's application for permission to file late claim, plaintiff's motion to set aside arbitrator's award, and co-defendant Government's supplemental motion to dismiss. An oral hearing was held on all of these motions. The defendants' motions raise one key issue of law: Whether the allegations in plaintiff's complaint constitute a claim upon which relief can be granted? For the reasons stated below, this Court finds that the allegations in plaintiff's complaint do not state a claim upon which relief can be granted. This Court further finds that plaintiff's application and motion is respectively without merit and untimely. Accordingly, both will be denied.

16

## II. FACTS

Plaintiff, Fernando Crispin, is an ex-employee of co-defendant Government of the Virgin Islands, Department of Public Safety (Government). Co-defendant Police Benevolent Association, Service International Union, AFL–CIO, Local 816 (Union) is, and at all times pertinent to this action was, the exclusive bargaining representative for the employees of co-defendant Government (Department of Public Safety). Throughout the period of plaintiff's employment, which began in October of 1978, there was an existing collective bargaining agreement between co-defendants.

On August 14, 1981, plaintiff, then employed with co-defendant Government as a police officer, was on duty in the vicinity of Riteway Department Store (then Barker's) in the Villa LaReine Shopping Center in St. Croix. Later that night, Officer Lee and Sergeant Hatcher joined plaintiff to investigate suspicious activity in the area. Subsequent to the investigation, Hatcher and Lee implicated plaintiff in some wrongdoing during the investigation. One year later, in or about July 1982, a hearing concerning the investigation was held, and plaintiff was subsequently dismissed from employment in September of 1982. Plaintiff thereafter sought private legal counsel to challenge his dismissal. Finally, in January of 1984, an arbitration hearing on plaintiff's dismissal was held. On or about May 30, 1984, plaintiff's counsel received a copy of the arbitrator's decision which upheld plantiff's dismissal.

On September 4, 1984, plaintiff filed the instant suit against the Government alleging breach of the Collection Bargaining Agreement, and infliction of tortious injuries, and against the Union for breach of its fiduciary duty of fair representation. Plaintiff requests damages for injuries allegedly sustained by the conduct of the defendants.

## III. DISCUSSION

A) *Government's Supplemental Motion To Dismiss/Plaintiff's Application for Permission To File Late Claim*

Count I of plaintiff's complaint alleges a cause of action for breach of the collective bargaining agreement by the Government. Counts II and III allege that the Government inflicted various tortious injuries upon the plaintiff. To the extent that plaintiff intends to pursue a cause of action in tort against the Government, he must comply with the requirements of the Virgin Islands Tort

17

Claims Act. The Act requires that a claim to recover tort damages against the Government, or a notice of intention to file such claim, must be filed within ninety (90) days after accrual of the claim. 33 V.I.C. § 3490(c). Assuming that plaintiff's claim accrued when notice of his dismissal was received by his attorney on May 30, 1984, still no claim was filed within the prescribed period. Instead, plaintiff filed a claim on September 4, 1984. Then, in apparent response to the Government's supplemental motion to dismiss for failure to comply with the Tort Claims Act, plaintiff filed his application for permission to file late claim on November 4, 1986. Plaintiff has thus failed to comply with the requirements of the Tort Claims Act.

■■ A claimant is permitted to file a claim without the prescribed ninety-day period if certain conditions are met. One essential condition is the showing of a reasonable excuse for failure to timely file the notice or claim. 33 V.I.C. § 3409(c). Plaintiff has presented this Court with no reasonable excuse for his failure to timely file. Accordingly, plaintiff's application is without merit, and the Government's motion will be granted to the extent of any tort action alleged by plaintiff.

B) *Plaintiff's Motion To Set Aside Arbitrator's Award*

■■ Plaintiff has filed a motion to vacate the arbitrator's award granted in the Government's favor on February 4, 1984. This Court can only grant such remedy pursuant to a petition for writ of review and will thus consider plaintiff's motion as such a petition. The grant of authority to review an arbitrator's award, which is generally considered final and binding on the parties, is found in 5 V.I.C. § 1421. The procedure for applying for review is governed by 5 App. V V.I.C. Rule 11. Rule 11 requires that the "petition shall be filed within 30 days after the date of the decision or determination complained of . . . ." Plaintiff's motion was filed on June 24, 1986, more than two years after the arbitrator's decision. If there was ever an untimely petition, this is it.

Accordingly, plaintiff's motion will be denied.

C) *Union's Motion for Judgment on the Pleadings*

■ Co-defendant Union's motion for judgment on the pleadings raises a classic 12(b)(6) defense. It is essentially a challenge to the sufficiency of plaintiff's complaint. Therefore, it will be treated as a motion to dismiss Fed. R. Civ. Proc. Rule 12(b)(6), 12(c) and 12(h)(2). Plaintiff's motion will not be converted into a motion for

18

summary judgment because no matters outside the pleadings will be considered. Fed. R. Civ. Proc. Rule 12(c).

■ Plaintiff alleges that the Union breached its duty to fairly represent him (see complaint, Count IV). The authority to launch such a suit is found at 24 V.I.C. § 383(a). Section 383(a) is modeled directly after section 301 of the Labor Management Relations Act of 1947 (29 U.S.C. § 185(a)), and permits suits by and against labor organizations. In order to decide whether a section 383 cause of action is stated for breach of fiduciary duty, the standard for such breach must first be determined. "A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of a collecting bargaining unit is arbitrary, discriminatory, or in bad faith."[1] Vaca v. Sipes, 386 U.S. 171, 190 (1967), 87 S.Ct. 903, 916; see also Findley v. Jones Motor Freight, etc., 639 F.2d 953, 957 (3rd Cir. 1981). Thus, the applicable standard is one of arbitrary/bad faith conduct and not a lower standard of negligence.

■ Conspicuously absent from plaintiff's complaint is any factual allegation from which a conclusion of arbitrary, discriminatory, or bad faith conduct, on the part of the Union, can reasonably be derived. Paragraph 29 in substance alleges that the Union refrained from acting thus causing delay in the decision concerning plaintiff's dismissal. Paragraph 30 alleges that a "farcial hearing was held." Paragraph 33 alleges that the Union consulted with plaintiff for only one hour before the arbitration hearing. Finally, paragraph 37 alleges that the "union's neglectful and undiligent conduct was negligent, unreasonable, and unfair." The span of plaintiff's allegations stretched to its limits concededly encompasses negligence, but fails to reach the level of arbitrary, discriminatory, or bad faith conduct. The closest allegation to such level is found in paragraph 42. It states that the Union's conduct "was done in utter disregard for, or was intended to cause, severe mental pain and emotional distress to the plaintiff." Unfortunately, mere conclusions without allegation of facts to support them is of no consequence in this analysis. Accordingly, this Court finds that plaintiff's complaint does not constitute a claim against co-

---

[1] The Supreme Court in Vaca was interpreting section 301 of the Labor Management Relations Act of 1947. Since 24 V.I.C. § 383 is modeled directly after section 301, this Court finds decisional law interpreting section 301 to be persuasive authority. See V.I.W.A.P.A. v. G.W.U., 12 V.I. 116 (Terr. Ct. St. T. and St. J. 1983).

defendant Union upon which relief can be granted and will thus be dismissed.

## D. *Government's Motion To Dismiss*

Plaintiff's suit is essentially a hybrid action for breach of contract and violation of duty. The Government is charged with violating the collective bargaining agreement between it and the Union. That violation, plaintiff contends, resulted in his dismissal. The Union, on the other hand, is charged with failing to fairly represent the plaintiff during hearings concerning his dismissal. The Government contends that plaintiff has no standing to sue on the agreement, because he was not a party to it. Further, the Government urges, plaintiff's hybrid action is governed by 24 V.I.C. § 383(a) which permits suits by and against labor unions, thus, the only action plaintiff can bring is against the Union. This Court disagrees with the Government's position.

■ A cursory reading of section 383 makes it apparent that in any suit thereunder, the labor union must be a party. However, that section has been liberally interpreted, and an action by an employee against his employer is cognizable if the employee also alleges a violation of duty by his union. See Adams v. Gould, Inc., 739 F.2d 858, 865 (3rd Cir. 1984). (A direct suit by an employee against an employer which alleges both breaches may be brought in federal court); and Vaca, supra, at 186–187, 914–915. Accordingly, plaintiff's breach of contract action against the Government is cognizable under 24 V.I.C. § 383 since plaintiff has alleged a violation of duty by the Union.

■ In order to defeat the Government's motion to dismiss, plaintiff's complaint must constitute a claim upon which relief can be granted against both the Government and the Union. This is so because "the two claims are inextricably interdependent. 'To prevail against either the company or the Union, . . . [employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union'." Delcostello v. International Brotherhood, 462 U.S. 151, 166 (1983), 103 S.Ct. 2281, 2291, quoting United Parcel Service, Inc. v. Mitchell, 451 U.S. 56 (1981), at 66–67, 101 S.Ct. 1559, at 1565–1566 (Steward, J., concurring); see also Ely v. Hall's Motor Trans. Co., 590 F.2d 62, 65 (3rd Cir. 1978) (stating that a section 301 action against the employer is available if the employee can demonstrate that the Union had breached the duty of fair representation). As previously indicated, plaintiff's

20

complaint against the Union will be dismissed for failure to state a claim for breach of duty. His complaint against the Government must therefore suffer the same fate. Accordingly, this Court finds that plaintiff's complaint does not constitute a claim against the Government upon which relief can be granted, and will thus be dismissed.

## ORDER

Based upon the memorandum opinion filed on even date herewith, it is

ORDERED that plaintiff's application for permission to file late claim shall be and the same is hereby DENIED; and it is further

ORDERED that plaintiff's motion to set aside arbitrator's award shall be and the same is hereby DENIED; and it is further

ORDERED that plaintiff's claim against co-defendant Police Benevolent Association shall be and the same is hereby DISMISSED.

ORDERED that the Government's motions to dismiss shall be and the same are hereby GRANTED.